AO 106 (Rev. 04/10) Application for a Search Warrant



# UNITED STATES DISTRICT COURT
for the
District of New Mexico

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. 19-3 MR
)
Samsung Galaxy S9+ )
Model: SM-G965U )
IMEI: 354645091059273 )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, hereby incorporated by reference.

located in the _____ District of ___New Mexico___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, hereby incorporated by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2252A(a)(5)(B) | Possession and access with intent to view child pornography. |

The application is based on these facts:
See Affidavit.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Juan U. Lujan, HSI Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: 01-02-2019

_____
Judge's signature

City and state: Las Cruces, NM      Kevin R. Sweazea, U.S. Magistrate Judge
Printed name and title

# AFFIDAVIT IN SUPPORT OF

# AN APPLICATION FOR A SEARCH WARRANT

I, Juan U. Lujan, a Special Agent with Homeland Security Investigations (HSI), being duly sworn, depose and state as follows:

## INTRODUCTION

1. I am a Special Agent with Homeland Security Investigations (HSI) and have been so employed since January of 2010. I am classified, trained and employed as a federal law enforcement officer with statutory arrest authority charged with conducting criminal investigations of alleged violations of federal criminal statutes, including Title 18 of the United States Code. I am currently assigned as a criminal investigator for the Homeland Security Investigations Office, Las Cruces, New Mexico. Prior to my current position, I attended over twenty-three weeks of investigative training at the Federal Law Enforcement Training Center in Glynco, Georgia. I also have prior federal law enforcement experience with the United States government as a United States Border Patrol Agent and Immigration Enforcement Agent. Through academy training, specialized training, experience, and working with fellow agents and task force officers, I am familiar with the violations of Title 18 of the United States Code.

2. As a federal agent, I am authorized to investigate violations of United States laws and to execute warrants issued under the authority of the United States. Your Affiant has conducted numerous state and federal investigations and received training, education, and experience with the identification and investigation of child exploitation violations. I have been personally involved with the execution of search warrants to search property and seize materials relating to child exploitation.

3.  I am investigating the activities of Tomas Feliciano Francisco-Pedro (Francisco), who last resided in Roswell, New Mexico but is currently incarcerated at the Dona Ana County Detention Facility. As will be shown below, there is probable cause to believe that Francisco is in possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(b). I submit this application and affidavit in support of a search warrant authorizing the search of Francisco's cellular telephone, which I is a black Samsung Galaxy S9+, being housed at the HSI Las Cruces, New Mexico office. The cell phone is further described in Attachment A, incorporated herein by reference. Located within the cell phone to be searched, I seek to seize and search for evidence, fruits, and instrumentalities of the forgoing criminal violations. I request authority to seize and search the cell phone for the items specified in Attachment B, incorporated herein by reference, and to seize all items listed in Attachment B as instrumentalities, fruits, and evidence of criminal activity.

4.  This Affidavit is based in part on information that I learned from discussions with other law enforcement officers and on my own investigation of this matter. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence, fruits, and instrumentalities of the violation of 18 U.S.C. §§ 2252A(a)(5)(b) is presently located on a Silver Samsung Galaxy cell phone being housed at the HSI Las Cruces, New Mexico office.

## DEFINITIONS

5.  The following definitions apply to this Affidavit and Attachment B:

    a. "Child Pornography" includes the definition in 18 U.S.C. § 2256(8) (any visual depiction of sexually explicit conduct where (a) the production of the visual depiction

involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct).

  b. "Visual depictions" include undeveloped film and videotape, and data stored on computer disk or by electronic means, which is capable of conversion into a visual image. *See* 18 U.S.C. § 2256(5).

  c. "Child Erotica" means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not, in and of themselves, obscene or that do not necessarily depict minors in sexually explicit poses or positions.

  d. "Minor" means any person under the age of eighteen years. See 18 U.S.C. § 2256(1).

  e. "Sexually explicit conduct" means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person. See 18 U.S.C. § 2256(2).

## BACKGROUND OF THE INVESTIGATION

6.    On July 25, 2018, Homeland Security Investigations (HSI) received information that illegal aliens were being housed at a residence located at 505 South Cedar Avenue in Roswell, New Mexico.

7.      On July 26, 2018, HSI Special Agents received additional information that the illegal aliens at the residence were being threatened with injury and possibly death to either them or their families in their smuggling fees weren't immediately paid. Based on that information, Agents and law enforcement officers conducted a knock and talk operation at the residence; which is essentially approaching and knocking at the door of the residence and attempt a consensual encounter at the residence. Upon knocking at the residence, an individual attempted to flee the residence through a window located at the rear of the residence. The individual went back inside the residence upon seeing law enforcement officials. Agents and other law enforcement officials surrounded the residence and called out the individuals inside the residence through a load speaker. A short while later, thirteen (13) individuals exited the residence. HSI Special Agents, along with Immigration and Customs Enforcement Officers from Enforcement and Removal Operations (ERO), interviewed all thirteen subjects and established that all thirteen subjects were illegally present in the U.S.

8.      One of the individuals informed Agents that the person that smuggled them was driving a gold colored SUV. Agents gave Roswell Police Officers a description of the vehicle and the subject. A short while later, Roswell Police Officers observed a vehicle and subject fitting the description in the vicinity of the target residence. Roswell Police Officers proceeded to stop the individual for questioning. A photograph of the individual was taken and shown to the illegal aliens at the residence. The illegal aliens at the residence identified the subject in the photograph as the smuggler that had left the residence. Agents further identified the individual as Tomas Feliciano Francisco-Pedro (Francisco).

9.      During the investigation, Agents learned that Francisco, a Guatemalan citizen, was previously deported in absentia for failure to report to immigration hearings. Francisco was

arrested by HSI. Agents read Francisco his Miranda Rights in the Spanish language. Francisco acknowledged in writing that he understood his rights and agreed to make a statement without the presence of an attorney. Agents asked Francisco for written consent to search his cellular telephone. Francisco gave written consent to search his cellular telephone. Francisco gave agents written consent to have his cellular telephone searched. Agents observed several text messages between Francisco and unknown individuals discussing money transfers related to alien smuggling. Agents stopped searching the cellular telephone and turned it off and arrested Francisco for 18USC1203, hostage taking and 8USC134 harboring illegal aliens.

9. On November 27, 2018, HSI Special Agents debriefed Francisco. Present at the debrief was the Assistant United States Attorney, HSI Special Agents, Francisco, and his defense attorney and interpreter.

10. During the November 17, 2018 debrief, Francisco stated that he and two other individuals, Cristian Garcia-Gutierrez and Maximo Gonzalez-Sebastian, were involved in alien smuggling. Francisco also stated that Gonzalez-Sebastian told him that the aliens were not to leave the residence until all smuggling fees had been paid. Francisco stated that his role in the organization was to drive aliens to their destination.

11, During the November 17, 2018 debrief, HSI Agents requested consent to search Francisco's cellular telephone once more. Francisco and his defense attorney granted consent to have the cellular telephone searched.

12. Homeland Security Investigations began to examine the cellular telephone belonging to Francisco. During the search, a video of what appears to be child pornography was discovered.

a. The video depicts an adult female having sexual relations with two prepubescent male children. The female and male children are naked. The adult female is touching the genitalia of the prepubescent males as they are lying in a bed and is encouraging the prepubescent males to touch her in return.

10. The search was stopped after the video was discovered and a search warrant for the phone contents is being obtained.

## CHILD PORNOGRAPHY COLLECTOR CHARACTERISTICS

18. Based on my experience, training, and conversations with other experienced agents who investigate cases involving the sexual exploitation of children, I know that certain common characteristics are often present in individuals who collect child pornography. I have observed and/or learned about the reliability of these commonalities and conclusions involving individuals, who collect, produce and trade images of child pornography. Based upon my training and experience, and conversations with other experienced Agents in the area of investigating cases involving sexual exploitation of children, I know that the following traits and characteristics are often present in individuals who collect child pornography:

a. Many individuals who traffic in and trade images of child pornography also collect child pornography. Many individuals who collect child pornography have a sexual attraction to children. They receive sexual gratification and satisfaction from sexual fantasies fueled by sexually explicit depictions of children.

b. Many individuals who collect child pornography collect sexually explicit materials, which may consist of photographs, magazines, motion pictures, video tapes, books, slides, computer graphics or digital or other images for their own sexual gratification. Many of these individuals also collect child erotica, which may consist of images or text that do not rise to

the level of child pornography, but which nonetheless fuel their deviant sexual fantasies involving children.

  c. Many individuals who have a sexual interest in children or images of children often maintain their collections that are in a digital or electronic format in a safe, secure and private environment, such as a computer and surrounding area. These collections are often maintained for seral years and are kept close by, usually at the collector's residence, storage units/outbuildings, and vehicles, to enable the individual to view the collection, which is valued highly.

  d. Many individuals who have a sexual interest in children or images of children prefer not to be without their child pornography for any prolonged time period. This behavior has been documented by law enforcement officers involved in the investigation of child pornography throughout the world.

  e. Many individuals who have a sexual interest in children or images of children will often "back up" or transfer files from their old computers' hard drives to that of their new computers, or to external media storage. Electronic files downloaded to an electronic storage medium can be stored for years at little or no cost. This behavior has been documented by law enforcement officers involved in the investigation of child pornography throughout the world.

  f. Many individuals who collect child pornography often seek out like minded individuals, either in person or on the Internet, to share information and trade depictions of child pornography and child erotica as a means of gaining status, trust, acceptance, and support. This contact also helps these individuals to rationalize and validate their deviant sexual interest and associated behavior. The different Internet based vehicles used by such individuals to communicate with each other include, but are not limited to, P2P, email, email groups, bulletin

boards, Internet Relay Chat Rooms (IRC), newsgroups, instant messaging, and other similar vehicles.

    g.    Many individuals who collect child pornography maintain books, magazines, newspapers and other writings (which may be written by the collector), in hard copy or digital medium, on the subject of sexual activities with children as a way of understanding their own feelings toward children, justifying those feelings and finding comfort for the illicit behavior and desires. Such individuals often do not destroy these materials because of the psychological support that they provide.

    h.    Many individuals who collect child pornography often collect, read, copy or maintain names, addresses (including email addresses), phone numbers, or lists of person who have advertised or otherwise made know in publications and on the Internet that they have similar sexual interests. These contacts are maintained as a means of personal referral, exchange or commercial profit. These names may be maintained in the original medium from which they were derived, in telephone books or notebooks, on computer storage devices, or merely on scraps of paper.

    i.    Many individuals who collect child pornography rarely, if ever, dispose of their sexually explicit materials and may go to great lengths to conceal and protect them from discovery, theft, or damage. These individuals view their sexually explicit materials as prized and valuable materials, even as commodities to be traded with other likeminded individuals over the Internet. As such, they tend to maintain or "hoard" their visual depictions of child pornography for long periods of time in the privacy and security of their homes or other secure locations. Based on my training and experience, as well as my conversations with other experienced law enforcement officers, I know that individuals who possess, receive, and/or

distribute child pornography by computer using the internet often maintain and/or possess the items listed in Attachment B.

19.  Individuals who collect child pornography rarely, if ever, dispose of their sexually explicit materials and may go to great lengths to conceal and protect from discovery, theft, and damage to their collection of illicit materials.  The known desire of such individuals to retain child pornography together with the sense of security afforded by using computers, provides probable cause to believe that computer images, especially child pornography and erotic nudity involving minors, will be retained by collector indefinitely.  These individuals may protect their illicit materials by passwords, encryption, and other security measures, save it on movable media such as CDs, DVDs, flash memory, thumb drives, and removable hard drives, which can be very small in size, including as small as a postage stamp, and easily secreted, or send it to third party image storage sites via the Internet.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

20. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

21. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

   b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

   d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review

team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

22. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

*Manner of execution.* Because this warrant seeks only permission to seize the device incident to arrest at a public place, the execution of this warrant does not involve the physical intrusion onto a premise. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

23. Based on the aforementioned factual information, your affiant respectfully submits that there is probable cause to believe that evidence of criminal offenses, namely, violation of 18 U.S.C. §§ 2252A(a)(5)(b) is located in the black Samsung Galaxy S9+ cell phone described in Attachment A and this evidence, listed in Attachment B to this affidavit, constitutes evidence, fruits, and/or instrumentalities of the foregoing criminal offenses.

24. Your affiant, therefore, respectfully requests that the attached warrant be issued authorizing the search and seizure of the items listed in Attachment B.

_____
Juan J. Lujan
Special Agent
Homeland Security Investigations

Sworn and subscribed before me this KS 2nd day of January, 2019.

_____
Kevin R. Sweazea
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

## DESCRIPTION OF THE ITEM TO BE SEARCHED

A black Samsung Galaxy S9+ cell phone model number SM-G965U, bearing IMEI number: 354645091059273. The cell phone is being housed at the Homeland Security Investigations office at 200 East Griggs, 3rd Floor, Las Cruces, New Mexico 88001. This warrant authorizes the forensic examination of the aforementioned black Samsung Galaxy S9+ cell phone for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

## DESCRIPTION OF ITEMS TO BE SEIZED

1. All records on the Device described in Attachment A that relate to violation of 18 U.S.C. §§ 2252A(a)(5)(b) including:

   a. All stored electronic and wire communications and information in memory on the mobile device, including email, instant messaging, text messages, or other communications, contact lists, images, videos, travel records, information related to the identity of victims, and any other content or records on the phone.

   b. All pictures that may constitute child pornography as defined in 18 U.S.C. § 2256.

   c. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.